IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER T. BRADY, | § § § | |
| *Plaintiff,* | § § § | 5:25-CV-00056-FB-RBF |
| vs. | § § § | |
| DA JOE D. GONZALES, DA INTAKE, BAR #24097633, SHERIFF JAVIER SALAZAR, CHIEF WILLIAM MCMANUS, HIMOS MIGJOROI, DA, #24096537; | § § § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Christopher T. Brady's Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. No. 1, and his Amended Complaint, Dkt. No. 7. Such applications to proceed *in forma pauperis* ("IFP") are automatically referred to a magistrate judge for disposition, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed in Forma Pauperis for the San Antonio Division of the Western District of Texas.

For the reasons set forth below, this case should be **DISMISSED WITH PREJUDICE**.

**Factual and Procedural Background**

On or about September 29, 2023, Plaintiff was arrested on an aggravated sexual assault charge in Bexar County, Texas. Am. Compl. at 4. Plaintiff alleges this arrest was based on false statements originally made by a woman and her child in September 2022. *Id.* at 2. For some time

after the arrest, perhaps the entirety of the resulting case, Plaintiff was detained at the Bexar County Adult Detention Center (BCADC). *Id.* The criminal case against Plaintiff was ultimately dismissed on October 9, 2024, allegedly "d[ue] to lack of evidence and [f]undamental [e]rrors." Compl. at 4. The single page Motion to Dismiss and Order from the state court, attached to Plaintiff's Complaint, does not specify why the case was dismissed. *See* Compl. at 8.

In his Complaint and Amended Complaint, Plaintiff raises claims under a variety of state criminal statutes and federal constitutional rights. He also brings claims for slander and violation of privacy, including based on allegations that he has been under continuing surveillance after his release from jail.

In his original Complaint, Plaintiff seeks media awareness of what happened to him, $999 billion, the payment of his child support and student loans, and assistance with payments owed to the Social Security Administration. Compl. at 4 & 7. Plaintiff is not so specific in his request for relief in his Amended Complaint; but there he does make general references to recovering civil damages, including actual and punitive damages, along with reasonable attorney's fees and injunctive relief. *See* Am. Compl. at 7-8. The Court notes, however, that Plaintiff nowhere specifies—in neither the Complaint nor Amended Complaint—what specific injunctive relief he seeks. The requests for payment of child-support obligations and student loans, as well as requests for assistance with payments owed to the Social Security Administration, appear unrelated to his claims.

**Analysis**

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

2

against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quotation marks omitted).

In evaluating whether a complaint states a claim under § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id*. at 555-56.

Based on his affidavit and the financial information Plaintiff provided in his IFP motion, the Court granted Plaintiff's Motion to Proceed IFP, Dkt. No. 1, on March 18, 2025, *see* Dkt. No. 3. The Court ordered the Clerk of Court to docket Plaintiff's Complaint. *See* Dkt. No. 4. Prior to undergoing its § 1915 analysis, however, the Court instructed Plaintiff to provide more factual support for his allegations by providing a brief statement that addressed the *who*, *what*, *where*, and *when* of his claims. *See* Dkt. No. 3. In addition, the Court instructed Plaintiff to address which specific state or federal laws were allegedly violated to his detriment and whether government officials named as Defendants were being sued in an individual or official capacity.

*Id.* The Court warned that failure to do so would result in the Court's recommendation that Plaintiff's case be dismissed for failure to state a claim or follow a Court order.

      **A.**      **Civil Claims Against the Alleged Accuser That Are Premised on Texas Criminal Law Provisions Fail.**

Plaintiff's Amended Complaint alleges that his arrest was based on a false statement, and further that his accuser committed perjury and violated a Texas criminal law prohibiting "False Report to Induce Emergency Response." *See* Tex. Penal Code § 32.32. The live complaint makes numerous references to the Texas Code of Criminal Procedure, which the Court interprets as allegations that various people allegedly violated certain criminal procedural requirements in the course of the investigation, prosecution, and other related treatment of Plaintiff. *See* Am. Compl. at 2-5.

To the extent that Plaintiff seeks prosecution of his accuser for alleged violations of Texas criminal law, any such effort fails at the outset. For one thing, Plaintiff has not named his accuser as a defendant. But more generally, any such effort is foreclosed because a plaintiff cannot use a civil lawsuit as a vehicle for criminal prosecution. *See Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Plaintiff cannot bring a civil lawsuit against his accuser for violations of the Texas Penal Code, as it does not provide a civil cause of action. *See Brown v. De La Cruz*, 156 S.W.3d 560 (Tex. 2004). Relatedly, the Texas Code of Criminal Procedure does not provide a basis for a civil claim. *See Coltart v. Texas*, No. 19-CA-464-ADA, 2020 WL 5416515 (W.D. Tex. Aug. 6, 2020).

      **B.**      **State Tort Claims Against District Attorney's Office Staff and Sheriff Javier Salazar Fail.**

In Plaintiff's original Complaint, he alleged he had been slandered by Sheriff Javier Salazar, an intake attorney at the Bexar County District Attorney's Office (BCDAO) identified by state bar number, District Attorney Joe D. Gonzales, and an assistant district attorney at

BCDAO primarily identified by state bar number. *See* Compl. at 3. Plaintiff additionally vaguely alleged he had been defamed. Compl. at 6. Plaintiff's Amended Complaint added no specificity to these tort allegations. *See generally*, Am. Compl. As Plaintiff has not followed the Court's Order to supplement his pleadings on these claims, he has not adequately pleaded these claims, and they should be dismissed for failure to state a claim, want of prosecution, and failure to follow a Court order.

### C.     Claims Alleging Constitutional Violations Also Fail.

Plaintiff invokes § 1983 to raise constitutional claims against several prosecutors and at least one investigator in the BCDAO. While Plaintiff does not specify whether these claims are brought against the county employees in their official or individual capacities, despite the Court's Order instructing him to do so, the Court liberally construes Plaintiff's complaint as bringing both official and individual capacity claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (requiring liberal construction of pro se pleadings). Plaintiff's failure to clarify his pleadings in this regard, however, violates the Court's prior order and independently supports dismissal of these claims for failing to follow a Court order and want of prosecution.

**1.**     *Plaintiff has not adequately pleaded a § 1983 claim against county employees in their official capacities.* "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Grant*, 473 U.S. 159, 166-67 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* Plaintiff has not alleged that the officials acted in accordance with a policy, custom, or practice, and he therefore has not sufficiently pleaded an official-capacity claim against any individual defendant.

Additionally, to the extent that Plaintiff seeks money damages and not injunctive relief against Defendants in their official capacities, Defendants are immune. *See Oliver v. Scott*, 276 F.3d 736, 742 & n. 5 (5th Cir. 2002)

  **2.** *Plaintiff has not plausibly alleged claims against BCDAO employees in their individual capacities.* Plaintiff brings claims against prosecutors and investigators in the BCDAO for violations of due process under the Fifth and Fourteenth Amendments, violations of the Fourth Amendment, and prosecutorial misconduct.

Plaintiff generally alleges that the district attorney's office did not have enough evidence to prosecute him because he did not commit the crime he was accused of, and that his right to due process was therefore violated. *See* Am. Compl. at 3. He further alleges that investigators at the district attorney's office failed to adequately investigate the case. *Id.* He also brings a claim of prosecutorial misconduct and appears to allege that the prosecution was brought "with intent to harass, annoy, alarm, abuse, torment or embarrass" him. *Id.* at 4.

Prosecutors at the district attorney's office enjoy immunity from Plaintiff's claims. "If the conduct is advocatory, and therefore related to the defendants' prosecutorial function, absolute immunity applies[.]" *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (per curiam). The prosecutorial function "is not limited only to the act of initiation itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the prosecutor's role as an advocate for the State." *Id.* at 632 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73) (cleaned up). Though absolute immunity is an affirmative defense, *see id.* at 632, the Court may consider vulnerability to an absolute immunity defense when assessing a claim for monetary relief under § 1915. *See* 28 U.S.C. § 1915(e)(2)(B)(3). None of Plaintiff's allegations against

6

BCDAO and its prosecutors describe conduct that could potentially fall outside the prosecutorial function.

Plaintiff also alleges investigators in BCDAO failed to adequately investigate his case but, ultimately, his allegations are conclusory. Plaintiff alleges, "[I] feel that the investigator didn't do any work on this case[] [b]ecause they would have seen that nothing ever occurred." Am. Compl. at 3. Though the pleading requirements under *Twombly* and *Iqbal* do not require a high-level of specificity, Plaintiff's conclusory allegation against the BCDAO investigators does not meet the bar for a plausibly alleged claim.

       **3.**    *Plaintiff has not adequately pleaded a claim under § 1983 against Bexar County Sheriff Javier Salazar or San Antonio Police Chief William McManus in their individual capacities.* Plaintiff also brings a claim against Bexar County Sheriff Javier Salazar for violations of the Fourth Amendment. Plaintiff's only allegation involving Sheriff Salazar, however, is that Plaintiff "was arrested by the San Antonio Police Department . . . and . . . transported to the Bexar County Adult Detention Center . . . ran by Sheriff Javier Salazar[,] where [he] was unlawful[ly] arrest[ed] and wrongfully detained." Am. Compl. at 4. Plaintiff does not name any other Bexar County Sheriff's Department individual officers, nor does he allege how Sheriff Salazar was personally involved in Plaintiff's alleged mistreatment. Section 1983 does not impose vicarious liability on a governmental actor like Sheriff Salazar "solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell*, 436 U.S. at 692. Plaintiff makes no allegations about how Sheriff Salazar's conduct infringed on Plaintiff's constitutional rights and has failed to allege a viable § 1983 claim against him.

In addition, though Plaintiff named Chief William McManus in the case caption of both his Complaint and Amended Complaint, Plaintiff makes no allegations about Chief McManus.

7

Plaintiff has therefore failed to adequately plead a claim against McManus. Further, Plaintiff names no other San Antonio Police Department (SAPD) officers and has not alleged claims under § 1983 for conduct undertaken by SAPD. Plaintiff does mention, "Also I think it was an investigator Miss Ortiz that work [sic] at San Antonio Police Department . . . I feel that they violated my civil rights," but he alleges no other information about the actions of this Miss Ortiz to support a civil rights claim and does not name Ortiz as a Defendant in this case. *See* Am. Compl. at 3. Any such claim therefore fails under *Twombly* and *Iqbal*.

        **4.**     *Plaintiff has not plausibly alleged that his right to a trial by jury was violated.* Plaintiff alleges "[t[hey still deprive me by not hav[ing] a fair trial[] proce[e]ding which will be in violation of the Texas Code Criminal Procedure" and references his right to trial by jury. Am. Compl. at 5. The criminal charge against Plaintiff was ultimately dropped prior to trial. "[T]he Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges." *U.S. v. MacDonald*, 456 U.S. 1, 7 (1982). Although Plaintiff cites a different portion of the Sixth Amendment, the logic still applies; Plaintiff does not have a right to jury trial where there are no criminal charges against him and thus no trial to be had.

        **D.**     **No Claim Concerning Plaintiff's Right to Privacy Is Viable.**

Plaintiff's claims are not limited to the circumstances of the investigation, his arrest, and his detention; they extend to include an alleged campaign of continued surveillance. Thus, Plaintiff generally alleges that he is being surveilled in his home. Plaintiff's Original Complaint alleged, "The state attorney violated [m]y right to privacy in my life and home by using intercepted communications mobile tracking devices tap and trace equipment." Compl. at 6. His Amended Complaint alleges he is currently being surveilled and the "administrative continue to violate[] [his] life looking in to [his] home coming through TV and radio." Am. Compl. at 5. To the extent Plaintiff intends to claim a violation of his right to privacy, Plaintiff's allegations are

8

merely conclusory and not sufficient to overcome the Court's review for frivolity under § 1915. These allegations, taken in context and read as a whole, also warrant dismissal as frivolous, as they appear fantastical and delusional to the extent they allege some kind of continued surveillance untethered to any legitimate police investigation. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke*, 490 U.S. at 325.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that the District Court **DISMISS WITH PREJUDICE** this case as frivolous under 28 U.S.C. § 1915(e)(2), and also for the additional reasons discussed above.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 15th day of August, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE